## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DONALD L. BURGGRAF d/b/a
Burggraf Contracting, Inc.,

      *Plaintiff,*

vs.

      Case No. 12-2182-EFM

UNITED STATES OF AMERICA,

      *Defendant.*

## MEMORANDUM AND ORDER

In this Motion to Dismiss, Defendant United States of America asks this Court to dismiss the Plaintiff Donald L. Burggraf's Complaint for Negligence on the grounds of sovereign immunity. The complaint alleges that Burggraf sustained injuries from a motor-vehicle accident due to the negligence of an employee of the Department of the Navy who was acting within the scope of his employment at the time of the accident. The Court grants dismissal of the claim because 28 U.S.C. § 2675(a) requires Burggraf to make an administrative claim with the Department of the Navy prior to filing his complaint.

### I.      Factual and Procedural Background

Plaintiff Donald L. Burggraf's complaint sets forth the following allegations and arguments. On March 29, 2010, Burggraf was involved in a motor-vehicle accident in Kansas City, Kansas. The other driver was an unnamed employee with the Department of the Navy and

was driving a vehicle owned by the United States Government.  Burggraf alleges that the unnamed employee, while acting within the scope of his employment, negligently failed to yield the right-of-way when merging onto a public thoroughfare.  Burggraf claims that this negligence caused a collision with Burggraf's motor-vehicle, resulting in monetary damages.

Defendant now moves to dismiss Burggraf's complaint on the following grounds.  The United States argues that it has sovereign immunity except as it consents to be sued.  The United States agrees that it has consented to be sued for money damages in certain tort cases.  The United States, however, asserts that Burggraf's suit may not begin until a claim against the United States is filed with the appropriate federal agency and denied.  The United States argues that this Court lacks jurisdiction over Burggraf's claim.  The United States alleges that Burggraf failed to file a claim with an appropriate federal agency, and therefore Burggraf's complaint must be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II.     Analysis

The Court agrees with United States that Burggraf's complaint must be dismissed because (1) under 28 U.S.C. § 2675(a), Burggraf is required to file with the appropriate federal agency prior to filing his claim against the United States, and (2) Burggraf has failed to do so. The Court will address these issues in turn.

### A.  Under 28 U.S.C. § 2675(a) Burggraf is required to file a claim with the appropriate federal agency prior to commencing suit.

Federal courts are courts of limited jurisdiction and must have a statutory or constitutional basis to exercise jurisdiction.[1]   The United States is immune from suit except

---

[1]    *See* U.S. Const. art. III; *Sheldon v. Sill*, 49 U.S. 441, 448–49 (1850).

where it consents to be sued.[2]  The terms of that consent define the court's jurisdiction over that matter.[3]  Under the Federal Torts Claims Act ("FTCA") the United States has consented to be sued for property damaged in a motor-vehicle accident.[4]   28 U.S.C. § 2675(a), however, prohibits a suit from being instituted against the United States for monetary damages for injury, loss of property, personal injury, or death unless the claimant first presents his claim with the appropriate federal agency and his claim is denied by the agency in writing.[5]  Congress has expressly mandated that exhausting administrative claims is a prerequisite to filing a suit for monetary damages under FTCA.[6]  Before filing any suit, a claimant must file with the appropriate federal agency "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim."[7]  When a suit is filed prior to the exhaustion of administrative claims, the suit must be dismissed.[8]  Therefore,

---

[2]   *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

[3]   *Id.*

[4]   28 U.S.C. §1346(b)(1) (stating that district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages…for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"); *see* also 28 U.S.C. 2761 *et. seq.*

[5]   28 U.S.C. § 2675(a).

[6]   *Id.*  When Congress mandates it, exhaustion is required.  *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).

[7]   *Cizek v. United States*, 953 F.2d 1232, 1233 (10th Cir. 1992).

[8]   *McNeil v. United States*, 508 U.S. 106 (1993); *Hart v. Dep't of Labor*, 116 F.3d 1338, 1341 (10th Cir. 1997).

Burggraf must exhaust administrative claims with the Department of the Navy prior to filing suit in federal court.[9]

**B. The Court must dismiss the complaint because Burggraf has failed to file a claim with the Department of Navy prior to commencing his suit.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim when the court lacks subject-matter jurisdiction.[10]   Motions to dismiss under 12(b)(1) fall into two categories: (1) facial attacks and (2) factual attacks.[11]   A facial attack questions the sufficiency of the complaint and, therefore, a district court must accept the allegations in the complaint as true.[12]   A factual attack goes beyond the complaint and challenges the facts that establish subject-matter jurisdiction.[13]   In a factual attack, a district court may look beyond the allegations in the complaint, and under Rule 12(b)(1), the court may use its wide discretion to allow documentary or limited evidentiary testimony to resolve the jurisdictional dispute.[14]

Here, the Court must address a factual dispute.  The United States does not contest the sufficiency of the complaint.  Rather, the United States contends that Burggraf failed to file a claim with the Department of the Navy.  To resolve this factual dispute, the court may consider

---

[9]   *See McNeil*, 508 U.S. at 113; *Hart*, at 1341.  Burggraf alleges the accident involved an employee of the Department of the Navy.  Therefore, the Department of the Navy would be the appropriate federal agency.  *See* 28 U.S.C. § 2675(a).

[10]   Fed. R. Civ. P. 12(b)(1).

[11]   *Holt v. U.S.*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

[12]   *Id.* at 1002.

[13]   *Id.* at 1003.

[14]   *Id.*

documents attached but outside of the pleadings.[15]  The United States attached a declaration from the Director of the Claims and Tort Litigation Division for the Office of Judge Advocate General in the Department of the Navy, stating that the Department of the Navy has not received an administrative claim from Burggraf.[16]  Burggraf's complaint provides no indication that he filed such a claim and Burggraf did not respond to the United States's Motion to Dismiss.  The Court must conclude that Burggraf has not filed an administrative claim with the Department of the Navy and dismiss this case.

**IT IS ACCORDINGLY ORDERED** this 9th day of January, 2013, that Defendant's Motion to Dismiss (Doc. 6) is hereby GRANTED.

**IT IS SO ORDERED**.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15]  *Id.*

[16]  Declaration, Doc. 7–1, p. 1–2.